UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT CASTIGLIA, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case No. 4:07CV295 DJS(LMB) |
| ALAN BLAKE, | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Robert Castiglia for a writ of habeas corpus under 28 U.S.C. § 2254. Also pending are petitioner's Motion to Appoint Counsel (Doc. No. 6), Motion for Relief on Recognizance or Bail (Doc. No. 7), and Motion for Stay of Civil Commitment Proceedings (Doc. No. 14). This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is presently in pre-trial detention at the Missouri Sexual Offender Treatment Center, located in Farmington, Missouri. Petitioner awaits commitment proceedings under § 632.480, RSMo (2000). Those proceedings are scheduled for September 25, 2007, through September 27, 2007.

On February 9, 2007, petitioner, pro se, filed the instant petition for a writ of habeas corpus in which he raises two grounds for relief. (Doc. No. 1). Petitioner first argues that the conditions of custody, after a finding that he is a sexually violent predator, will be too severe to be categorized as a civil restraint. Petitioner thus contends that future custody will violate the due process clause

of the United States Constitution. Petitioner next argues that there is no treatment for individuals who have not yet been adjudicated sexually violent predators. On June 25, 2007, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's petition should be dismissed because petitioner has failed to exhaust his state remedies. (Doc. No. 8). Petitioner has filed a Reply. (Doc. No. 10).

**Discussion**

Missouri's Sexually Violent Predator Act (SVPA) authorizes the civil commitment of sexually violent predators, persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility and who have pled guilty or been found guilty of a sexually violent offense; have been found not guilty of a sexually violent offense by reason of mental disease or defect; or were committed as a criminal sexual psychopath. Mo. Rev. Stat. §§ 632.480(5)(a)-(b); 632.489. The SVPA provides that when probable cause exists to suspect that a person is a sexually violent predator, the person may be held pending the outcome of a civil commitment proceeding in the probate court. Mo. Rev. Stat. § 632.489.

Respondent argues that the petition should be dismissed because petitioner has failed to exhaust his state remedies. Petitioner admits that neither ground for relief has been exhausted, yet argues that the exhaustion requirement should be waived because state remedies are futile. Petitioner further requests that the court enjoin the state civil commitment proceeding.

Exhaustion of state court remedies is a prerequisite to seeking federal habeas relief. 28 U.S.C. § 2254 (b); Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1996) ("The federal habeas statute requires persons in state custody who seek federal habeas relief to first exhaust available state remedies."). Thus, a petitioner must fairly present the substance of

his federal constitutional claims to the state courts and afford those courts a full and fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claims. Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (a federal habeas petition must present the substantial equivalent of constitutional claim to state courts).

Here, petitioner has state remedies available, but he has not yet pursued them. As to petitioner's first ground for relief, in which he challenges future conditions of custody, this claim has not become ripe. If petitioner is adjudicated to be a sexually violent predator, petitioner can appeal this judgment in the state courts. Petitioner can raise his second ground for relief in a state habeas corpus petition. Petitioner has not demonstrated that these remedies are futile. As such, petitioner has failed to exhaust his state court remedies. Thus, the undersigned recommends that petitioner's petition for writ of habeas corpus be dismissed without prejudice. Petitioner may re-file his petition after he has exhausted his state remedies.

Petitioner also requests that the court stay the state civil commitment proceedings scheduled for September 25, 2007 through September 27, 2007. Respondent has filed Suggestions in Opposition to Motion for Stay of Civil Commitment Proceedings, in which he argues that the Younger abstention doctrine applies to preclude the court from enjoining the state proceedings. (Doc. No. 15).

In Younger v. Harris, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971), the United States Supreme Court held that absent "special circumstances," the federal courts should abstain from interfering with pending state criminal proceedings due to principles of comity and federalism. This doctrine has been extended to include state civil proceedings. See Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004). Abstention is appropriate when: (1) the federal action would disrupt an ongoing state judicial proceeding; (2) which implicates important state interests;

and (3) which provides an adequate opportunity to raise constitutional challenges. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); Aaron, 357 F.3d at 774.

The undersigned finds that abstention is appropriate in this matter. Petitioner has not presented any special circumstances that would warrant intervention in the state court proceedings. The state has an important interest in treating a person determined to be a sexually violent predator. Further, petitioner can raise his constitutional claims in state court. Thus, petitioner's Motion to Stay will be denied.

## Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## ORDER

**IT IS HEREBY ORDERED** that petitioner's Motion for Stay of Civil Commitment Proceedings (Doc. No. 14) be and it is **denied**.

**IT IS FURTHER ORDERED** that all other pending motions be **denied as moot**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Robert Castiglia for a writ of habeas corpus be **dismissed without prejudice.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 25th day of September, 2007.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE